

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/27/2011

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WACO TOWN SQUARE | § | CASE NO. 11-38928-H_-11 |
| PARTNERS, L.P. | § | |
| | § | |
| WACO TOWN SQUARE | § | CASE NO. 11-38929-H_-11 |
| PARTNERS II, L.P., | § | (Joint Administration Requested) |
| | § | |
| DEBTORS | § | CHAPTER 11 |

### INTERIM ORDER GRANTING MOTION
### (I) FOR AUTHORITY TO USE CASH COLLATERAL,
### (II) TO INCUR POST PETITION INDEBTEDNESS, AND
### (III) SETTING MOTION FOR FINAL HEARING

On the date signed below, the Court heard on an emergency basis the above-referenced Debtors' (the "*Debtors*") Emergency Motion (I) for Interim Authority to Use Cash Collateral, (II) to Incur Post Petition Indebtedness Under 11 U.S.C. §363, §364, and §105, and (III) for Preliminary and Final Hearings (the "*Motion*"). The Court, having considered the Motion, the evidence and argument of counsel, finds and concludes as follows:

1. On October 21, 2011 (the "*Petition Date*"), Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. Under 11 U.S.C. § 301, the filing of the petition constituted an order for relief under Chapter 11. Since the petition was filed, the Debtors have continued in possession and control of their assets and have continued to operate their business and manage their affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334.

4. Cause exists for permitting the Debtors to use cash collateral and incur post petition indebtedness as set forth in the Motion on an emergency basis to avoid immediate and irreparable harm to the Debtors' estates under the terms of this Order.

5. Notice of the Motion to interested parties was appropriate and sufficient.

6. The Debtors stipulate that Community Bank & Trust, Waco, Texas ("*Community*") asserts a secured claim against the Debtors in the approximate principal sum of $7,962,000.00 and holds a valid and subsisting security interest in the cash, rents, accounts and other property of the

Debtors which constitutes "cash collateral" under the provisions of the United States Bankruptcy Code.

**ORDERED** that the Motion is GRANTED subject to the terms and conditions set forth herein. It is further,

**ORDERED** that pending the expiration of this Interim Order, the Debtors are permitted to use cash collateral only for the purposes of meeting the ordinary cash needs of the Debtors in the amounts and for the purposes set forth in Exhibit "A" attached hereto (the "*Budget*") until the final hearing on the Motion set forth below. Debtors' use of cash collateral shall not exceed ten percent (10%) of the amount set forth in any line item of the Budget without the prior written consent of Community, or further order of the Court. It is further,

**ORDERED** that in addition to those liens provided by 11 U.S.C. § 552, and as partial adequate protection of the Community's interest in cash collateral, to the extent of any diminution in the value of the interest of Community in its collateral because of the Debtors' use of cash collateral during the term of this Order, Community is hereby granted an automatically-perfected replacement lien (i) in any of the Debtors' property in which they held a valid, enforceable, fully perfected and non-avoidable lien when this case commenced, and (ii) any post-petition rents, receivables and any other proceeds, offspring or profits of the Debtors' property in which Community holds a security interest. It is further,

**ORDERED** that the Debtors be and are hereby authorized to enter into the DIP Promissory Note attached to the Motion. It is further,

**ORDERED** that the Debtors may draw under the DIP Financing Agreement so much of the funds necessary to pay expenses in accordance with the budget attached hereto as Exhibit "A", with up to a 10% total variance on budgeted amounts. It is further,

**ORDERED** that any claim for funds advanced under the DIP Financing Agreement shall have, pursuant to Bankruptcy Code § 364(a), the priority of an expense of administration in the Debtors' bankruptcy cases under § 503(b)(1) of the Bankruptcy Code and will only be subordinate to (a) the fees and expenses of the Clerk of the Court or the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) (b) the outstanding and unpaid post-petition fees and expenses of the professionals retained by the Debtors pursuant to Orders of this Court entered in accordance with §§ 327 and 1103 of the Bankruptcy Code. This provision is not intended to provide this claim with a super-priority security interest. It is further,

**ORDERED** that Debtors shall provide monthly periodic accountings to Community setting forth the cash receipts and disbursements made by the Debtors under this Order. In addition, Debtors shall continue to provide to Community, on a monthly basis in the same form/format as previously furnished, all other reports provided by the Debtors to Community prior to the Petition Date, as well as copies of the Debtors' monthly U.S. Trustee operating reports. It is further,

**ORDERED** that the occurrence of any of the following shall constitute an event of default under this Order: (a) any default, violation, material non-compliance, or breach of any of the terms of this Order by the Debtors; (b) the maturity, termination, expiration, or non-renewal of this Order; (c) conversion of this case to a case under Chapter 7 of the Bankruptcy Code; (d) the appointment of a trustee in this case; (e) the dismissal of this case; or (f) the entry of any order reversing, revoking, rescinding or vacating this Order without the express prior written consent of Community (any of the foregoing events of default being referred to in this Order as an "*Event of Default*"). It is further,

**ORDERED** that upon the occurrence of any Event of Default, Community will provide the Debtors written notice of such Event of Default and shall provide a copy of any such notice to Debtors' counsel and the United States Trustee. If the Debtors have failed to fully and completely cure any Event of Default within five (5) business days after written notice, then without any further act, notice, or action by Community or any further notice, hearing, act or order of this Court, the Debtors' authority to use cash collateral under this Order shall terminate. Notice of the occurrence of an Event of Default is effective when received by Debtors' counsel. It is further,

**ORDERED** that the Debtors shall continue to maintain, with financially sound and reputable insurance companies, insurance of the kind, covering their property and in accordance with the pre-petition security documents (covering such risks and in amounts as shall be reasonably satisfactory to Community, and, at the request of Community, deliver to Community evidence of the maintenance of such insurance. It is further,

**ORDERED** that nothing in this Order constitutes a waiver of any rights of Community under its loan documents with Debtors or precludes Community from seeking any further relief it may be entitled to in this proceeding. It is further,

**ORDERED that a final hearing on the Motion shall be held on the** _15_ **day of** ~~October~~ _November_, **2011, at** _1:30_ **o'clock** _p_**.m. in Courtroom No. 404 of the United States Bankruptcy Court, 515 Rusk, Fourth Floor, Houston, Texas 77002.**

SIGNED: October _27_, 2011.

**MARVIN ISGUR**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**AGREED AS TO FORM:**

/s/ *Melissa A. Haselden*
_____
Edward L. Rothberg    TBA: #17313990
Melissa A. Haselden    TBA: # 00794778
HOOVER SLOVACEK LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone:    713.977.8686
Facsimile:    713.977.5395

PROPOSED COUNSEL FOR DEBTORS


/s/ *Jeffrey R. Cox*
_____
Jeffrey R. Cox    TBA: #04947550
SHEEHY, LOVELACE & MAYFIELD, P.C.
510 N. Valley Mills Drive, Suite 500
Waco, Texas 76710
Telephone:    (254) 772-8022
Facsimile:    (254) 772-8508

COUNSEL FOR COMMUNITY BANK & TRUST

# Austin Avenue Flats
## 14-Day Operating Budget Analysis

| Expenses | WEEK 1 | WEEK 2 | TOTAL 14-DAYS |
|---|---:|---:|---:|
| Advertising | $ - | $ - | $ - |
| Account Charges | | $ 55 | $ 55 |
| Admin / General | $ 221 | $ 221 | $ 442 |
| Maintenance / Make Ready | $ 529 | $ 529 | $ 1,059 |
| Management Fees | $ 222 | $ 1,222 | $ 1,445 |
| BK Legal / Professional Fees | $ - | $ - | $ - |
| Utilities | $ 124 | $ 124 | $ 248 |
| Capital Improvement | $ - | $ - | $ - |
| HOA Transfer | $ - | $ 11,000 | $ 11,000 |
| Contingency | $ 250 | $ 250 | $ 500 |
| **TOTAL EXPENSES** | $ 1,346 | $ 13,401 | $ 14,747 |

EXHIBIT "A"