

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/23/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-38928 |
| WACO TOWN SQUARE PARTNERS, | § | Chapter 11 |
| L.P.; dba AUSTIN AVENUE FLATS | § | |
| and | § | |
| WACO TOWN SQUARE PARTNERS II, | § | |
| L.P., | § | |
| | § | |
| WACO TOWN SQUARE PARTNERS II, | § | CASE NO: 11-38929 |
| LP | § | |
| | § | |
| | | CASE NO: 12-03144 |
| | | Jointly Administered Order |
| Debtor(s). | | Judge Isgur |

## MEMORANDUM OPINION

Collateral estoppel does not establish whether the claims raised by NSJS Limited Partnership ("NSJS"), in its suit currently pending in the District Court, 414th Judicial District, of McLennan County, Texas (Case No. 2010-4220-5) are derivative causes of action, belonging to the Estate of Debtors, Waco Town Square Partners, L.P. ("WTSP") and Waco Town Square Partners II, L.P. ("WTSP II").

### Background

On October 21, 2001, Debtors, WTSP and WTSP II, filed separate chapter 11 petitions (Case Nos. 11-38928 and 11-38929, respectively). ECF No. 106 at 3. On October 27, 2011, the Court entered an order jointly administering the two cases. ECF No. 106 at 3.

NSJS is a limited partner of WTSP II. Prior to the commencement of the bankruptcies, NSJS filed a state court suit against Michael Wray, David Wallace, Waco Town Square Management, II, LLC, WTSP II and Community Bank & Trust, Waco, Texas for, among other

things, fraud, conversion, breach of contract, breach of fiduciary duty, and defalcation ("State Court Litigation").  Case No. 11-06025, ECF No. 1.

The Debtors removed the State Court Litigation to the United States Bankruptcy Court for the Western District of Texas subsequent to filing bankruptcy.  Case No. 11-06025, ECF No. 1.  On February 16, 2012, the Bankruptcy Court remanded the suit to state court under based on mandatory abstention.  Case No. 11-06025, ECF No. 13.  On February 23, 2012, Debtors filed a Motion for Reconsideration of Order to Remand.  Case No. 11-06025, ECF No. 15.  Debtor's Motion for Reconsideration was denied by an order issued June 4, 2012.  Case No. 11-06025, ECF No. 26.  In pertinent part, the June 4 Order stated that,

> "Despite WTSP's assertions, this proceeding does not appear to meet the definition of a derivative action, either in form or in substance.  Moreover, even if the Court were persuaded by the argument that the claims are derivative or property of the estate, WTSP fails to demonstrate how this conclusion is relevant to the Court's mandatory abstention analysis under 18 U.S.C. § 1334(c)(2)…The issue before this Court, by contrast, is whether the Court correctly applied the doctrine of mandatory abstention."

On May 20, 2012, this Court entered Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of WTSP and WTSP II, As Modified on the Record at March 26, 2012 Hearing.  ECF No. 89.  The Confirmation Order provided that,

> "To the extent that NSJS holds any claims, plead or unplead, belonging to it and not to the Debtors or their respective estates, against any person or entity, other than the Debtors or their estates, NSJS may pursue such claims and nothing in this Order shall bar, enjoin, limit or impair NSJS from pursuing such claims.  Further within forty-five (45) days of the entry of this Order, NSJS shall amend its complaint in Adversary Proceeding No. 11-06025, NSJS Limited Partnership and Waco Townsquare Partners II, LP v. Waco Town Square Management, II, LLC, Waco Town Square Partners II, LP and Community Bank & Trust pending in the United States Bankruptcy Court for the Western District of Texas, Waco Division (removed Case No. 2010-4220-5 formerly pending in the 414th Judicial District, McLennan County, Texas) to remove any and all claims and causes of action arising on or before the

> Confirmation Date that may be asserted by or on behalf of the Debtors or the Bankruptcy Estates and/or on account of the Debtors' Cases ("Amended Complaint").  If an Amended Complaint is not filed within the time period proscribed in this Order, all claims contained in the NSJS Lawsuit shall be deemed claims and causes of action arising that may be asserted by or on behalf of the Debtors or their Bankruptcy Estates and/or on account of the Debtors' Cases and must be immediately dismissed with prejudice in accordance with Article 13.9 of the Plan."

ECF No. 89 at 11-12.

On January 1, 2013, the Debtors filed their Motion to Hold NSJS Limited Partnership in Contempt for Violation of Confirmation Order and For Sanctions.  ECF No. 106.  The Debtors' Motion for Contempt argues that on November 7, 2012, counsel for the Reorganized Debtor advised counsel for NSJS that since the Complaint had not been amended as required by the Confirmation Order, the State Court Litigation must be dismissed with prejudice. ECF No. 106 at 6.  Counsel for the Reorganized Debtor further advised NSJS that if the suit was not dismissed, Debtors would seek to hold NSJS in contempt of the Confirmation Order. ECF No. 106 at 6.

On December 14, 2012, Debtors' counsel received a copy of NSJS' Second Amended Petition filed in the State Court Litigation.  ECF No. 106 at 7.  The Debtors are no longer listed as a party in the State Court Litigation, but no party has been formally dismissed from the litigation.  ECF No. 106 at 7.  Debtors seek a finding of contempt against NSJS because the Amended Complaint was filed more than six months after the date set forth in the confirmation order, and because it includes causes of action which have been barred by the Confirmation Order.  ECF No. 106 at 7.

NSJS filed its Response on February 21, 2013, arguing that Debtors are attempting to use the Motion for Sanctions to get a "second bite at the apple" regarding whether NSJS' claims in the State Court Litigation are derivative causes of action belonging to the Debtors.

ECF No. 110 at 4. NSJS claims that the question of whether NSJS' claims are derivative causes of action is precluded by collateral estoppel because the issue was fully and fairly litigated and essential to the Western District Order Denying Motion for Reconsideration of Order to Remand. ECF No. 110 at 5.

At the hearing on March 18, 2013, the Court informed the parties that it was not inclined to hold NSJS in contempt, but asked the parties to brief the issue of whether collateral estoppel precluded a determination by this Court of whether the claims asserted by NSJS in the State Court Litigation are derivative causes of action. Regardless of whether the Court finds NSJS to be in contempt, NSJS may still lose all of its claims if it failed to remove derivative claims as it was required to do pursuant to this Court's May 20, 2012 Plan Confirmation Order.

The parties submitted simultaneous briefs on the collateral estoppel issue on March 29, 2013. ECF Nos. 136 & 137. The parties submitted simultaneous replies on April 5, 2013. ECF Nos. 138 & 139.

**Analysis**

The issue in the instant case is whether the Western District's order precludes an examination by this Court as to whether the claims are derivative claims.

Federal law permits the use of collateral estoppel upon showing that: (1) the issue at stake is identical to the one involved in prior litigation; (2) the issue has been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation was critical and necessary to the judgment in the earlier action. *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir. 1981).

For two reasons, the Court holds that collateral estoppel does not apply.

First, the text of the Western District Court's order states that, "even if the Court were persuaded by the argument that the claims are derivative or property of the estate, WTSP fails to demonstrate how this conclusion is relevant to the Court's mandatory abstention analysis under 18 U.S.C. § 1334(c)(2)". Inasmuch as the order states that its determination regarding the nature of the claims (derivative or not) is irrelevant to its remand decision, it is legally impossible for NSJS to demonstrate that the determination was "critical and necessary" to the order. .

Second, collateral estoppel still does not apply because the determination was, at most, an alternative basis for the Western District decision.

There is a circuit split regarding whether alternative bases for a decision are precluded by collateral estoppel.

The general rule in the Second, Third, Ninth and Eleventh Circuits is that collateral estoppel applies to alternative, but independently sufficient bases of a decision.[1]  *See Gelb v. Royal Globe Ins. Co*, 798 F.2d 38, 45 (2d Cir. 1986); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.* 458 F.3d 244, 255 (3d Cir. 2006); *Trone, et al. v. Smith (In re Westgate-California Corp.)*, 642 F.2d 1174, 1176-77 (9th Cir. 1981); *Deweese v. Town of Palm Beach*, 688 F.2d 731, 734 (11th Cir. 1982).

The Tenth and Fourth Circuits generally do not apply collateral estoppel when a decision is based upon alternative grounds.[2]  *See Turney v. O'Toole*, 898 F.2d 1470, 1472 n. 1 (10th Cir. 1990); *see also Tuttle v. Arlington Cty. School Bd.*, 195 F.3d 698, 704 (4th Cir. 1999).

---

[1] Several circuit courts have created exceptions to the general rule of applying collateral estoppel to alternative bases of a decision.  *See Gelb*, 798 F.2d at 45 (collateral estoppel did not bar relitigation of alternative basis that did not receive effective review on appeal); *see also Deweese*, 688 F.2d at 734 (unfair to preclude argument on collateral estoppel basis where party has no incentive to take an appeal of trial court's decision).

[2] The Fourth Circuit recognizes an exception to the general rule when an issue is fully and fairly litigated.  *See Ritter v. Mount Saint Mary's College*, 814 F.2d 986, 993 (4th Cir. 1987) (if one of the two determinations is upheld on appeal, collateral estoppel can obtain as to that issue).

The only Fifth Circuit opinion that discusses the collateral estoppel effect of unappealed alternative grounds (*Hicks*), is a narrow holding. The Fifth Circuit held that it would not decide whether the new Restatement rule denying estoppel effect to unappealed alternative grounds should apply to all cases, but merely held that the rule was especially appropriate in the case of offensive collateral estoppel. *Hicks*, 662 F.2d at 1173.

Although the holding in *Hicks* is narrow, the Fifth Circuit was persuaded by the reasoning from the Restatement (Second) of Judgments § 27, which is also instructive in this instance. The Restatement (Second) of Judgments § 27 provides that, "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Section 27, comment i provides that, when a judgment of a court of first instance is based on determinations of two issues, either of which standing alone would support the result, the judgment is not conclusive with respect to either issue. RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. i (1982).

Comment i discusses the persuasive reasons for analogizing an alternative basis for a decision to a nonessential determination. First, an alternative basis may not be as carefully or rigorously considered as a basis that is necessary to the result. RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. i (1982). Second, to allow issue preclusion for alternative bases would encourage the losing party to appeal a decision for the purpose of avoiding issue preclusion, even though he is almost certain to lose on appeal because of a sound alternative basis. *Id*. Encouraging frivolous appeals merely to thwart the possible repercussions of collateral estoppel

increases the burden on litigants and the courts—an undesirable effect of a rule precluding relitigation of alternative bases for a decision. *Id*.

Comment i appreciates that there will be instances where the balance favors preclusion because an issue is fully and vigorously litigated, but determines that the interests of predictability and simplicity favor a uniform rule of no collateral estoppel effect when a decision is based on alternate grounds. *Id*.

Based on the reasoning in the comment i and *Hicks*, the Court finds that collateral estoppel should not be applied when a judgment rests upon alternative bases. Accordingly, collateral estoppel does not determine whether the claims NSJS raises in the State Court Litigation are derivative claims belonging to the Estate.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **April 23, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE